JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Breeanna Mankey

## DEFENDANTS
Allstate Financial Services

(b) County of Residence of First Listed Plaintiff   Glen Burnie, Maryland
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Las Vegas, Nevada
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Debt Collections Practices Act - 15 U.S.C. 1692, et seq
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
12/10/2008

SIGNATURE OF ATTORNEY OF RECORD
Carol L. Vassallo (#17422)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                        Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | | |
|---|---|---|
| BREEANNA MANKEY | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| ALLSTATE FINANCIAL SERVICES | ) | |
| Defendant | ) | |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

ALLSTATE FINANCIAL SERIVCES, D/B/A
ALLSTATE ADJUSTMENT BUREAU
1050 EAST FLAMINGO ROAD, LAS VEGAS,
NEVADA.

A lawsuit has been filed against you.

    Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

CAROL L. VASSALLO, ESQUIRE
THE VASSALLO LAW FIRM
26 NEWTON AVENUE, SUITE 1
WOODBURY, NJ 08096

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_____
Name of clerk of court

Date: _____

_____
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

✎ AO 440 (Rev. 04/08)  Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

     (1) personally delivering a copy of each to the individual at this place, _____

     _____; or

     (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
        who resides there and is of suitable age and discretion; or

     (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is

     _____; or

     (4) returning the summons unexecuted to the court clerk on _____; or

     (5) other *(specify)* _____

     _____

     _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00_____ .


Date: _____

                                             _____
                                                      Server's signature

                                             _____
                                                     Printed name and title

                                             _____
                                                     Server's address

## UNITED STATES DISTRICT COURT
## OF MARYLAND – SOUTHERN DIVISION

| | |
|---|---|
| BREEANNA MANKEY ) | Case Number |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| ALLSTATE FINANCIAL SERVICES, d/b/a ) | |
| ALLSTATE ADJUSTMENT BUREAU ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Breeanna Mankey, by and through her undersigned counsel, Carol L. Vassallo of The Vassallo Law Firm, P.C., complaining of Defendant, and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.  Venue is also proper in that the Plaintiff lives here.

### III.   PARTIES

4.      Plaintiff, Breeanna Mankey, is an adult individual and citizen of the State of Maryland, with an address of 6460 Harrison Square, Glen Burnie, MD  21061.

5.      Defendant, Allstate Financial Services, d/b/a Allstate Adjustment Bureau, ("Defendant"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the State of Maryland, with it's principal place of business located at 1050 East Flamingo road, Las Vegas, Nevada.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7.      In or around July 2008, plaintiff was contacted by defendant in connection with a debt to Applied Bank.

8.      On July 11, 2008, Dennis Lawson, of defendant, called plaintiff at her place of employment and spoke with the receptionist, Miss Watson.  He said he needed to speak with plaintiff "right away", and that it was an "emergency".  Ms. Watson hurried to locate plaintiff in view of the emergency nature of the telephone call.  When plaintiff picked up the telephone, Mr. Lawson told plaintiff she needed to pay what she owed to

Applied Bank, and if she did not, "We're filing papers with the Attorney General's office right now. You have to pay right now or we'll see you in Court".

11.     Mr. Lawson continued his threats by telling plaintiff, "You could go to jail and then you'll have to deal with a lot of other problems, because in court you'll have to deal with the Attorney General".

12.     At no point during the conversation did Mr. Lawson mini-mirandize Plaintiff.

13.     Plaintiff never received a follow up validation letter from defendant within five (5) days of the telephone call from Mr. Lawson.

14.     On July 11, 2008, Plaintiff agreed to allow defendant to deduct $414.45 on July 15, 2008, from her checking account based on Mr. Lawson's representations that Applied Bank was no longer involved with the account and all payments had to be made to defendant.

15.     Mr. Lawson's representation was false, inasmuch as after being threatened by Mr. Lawson, plaintiff called Applied Bank and they agreed to a payment of $92.00, which was immediately made by plaintiff.

16.     After making the payment to Applied Bank, plaintiff immediately called Mr. Lawson and instructed him NOT to deduct the $414.45 from her account, because contrary to his representations, Applied Bank was still accepting payments from plaintiff on the account.

17.     Mr. Lawson ignored plaintiff and, on July 18, 2008, he authorized the payment of $414.45 from plaintiff's account, which caused her account to be overdrawn.

18.     Defendant's threatening, bullying, misleading and deceptive tactics are violations of the Fair Debt Collections Practices Act.

## COUNT I
### FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

19.     The above paragraphs are hereby incorporated herein by reference.

20.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

a.     1692(d), by engaging in conduct that his harassing, oppressive and abusive in order to collect a debt.

b.     1692(e), by using false, deceptive and misleading representations about litigation and criminal prosecution relative to the debt collection at issue.

c.     1692(e)(2), by lying about the character, amount, or legal status of the subject debt.

d.     1692(e)(4), by threatening to arrest or imprison plaintiff if she did not make a payment immediately.

e.     1692(e)(5), by threatening to take any action that could not legally be taken or that was not intended to be taken.

f.     1692(e)(7), by stating that plaintiff committed a crime in order to disgrace and intimidate plaintiff.

g.      1692(e)(10), by making false representations and using deceptive means to collect the debt from plaintiff.

h.      1692(f), by using unfair and unconscionable means to collect or attempt to collect the subject debt.

i.      1692(f)(1), by attempting to collect any amount not authorized by an agreement, i.e., debiting the $414.45 from plaintiff's account after she specifically told defendant that she had paid the creditor directly and did not authorize the automatic debit.

j.      1692(f)2), by failing to provide plaintiff with three days written notice of its intent to deposit the check and after being denied authority on July 11, 2008, to debit the amount of the check from plaintiff's checking account.

k.      1692g, by failing to send plaintiff a 30 day validation notice within five days of the initial telephone communication.

21.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs and other appropriate relief.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant and Order the following relief:

a.      Declaratory judgment that the Defendant's conduct violated the FDCPA;

b.      Actual damages;

c.      Statutory damages pursuant to 15 U.S.C. §1692k;

d.     Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

e.     Such addition and further relief as may be appropriate or that the interests

of justice require.

## V.     JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**THE VASSALLO LAW FIRM, P.C.**

Date:    12/10/08                 BY:    Carol L Vassallo   #17422
                                         26 Newton Street
                                         Woodbury, NJ  08096
                                         856-812-0180
                                         856-812-0638 (fax)
                                         Attorney for Plaintiff